In this Court no counsel appeared, and the opinion of the Court was delivered by
 

 Hbederson, Judge.
 

 If the principal is brought by a stranger, by physical force, and offered to be surrendered to the Sheriff, who receives him into his custody against the will of the principal, there is no doubt, I presume, but both the stranger and the Sheriff are trespassers, unless the stranger had an authority from the bail to make the arrest and surrender; and that authority should be given by writing at least. But the principal himself may, without the agency or knowledge of his bail, surrender himself, and the Sheriff is as much hound to receive him, as if surrendered by the bail. When, therefore, the principal comes into the presence, and places himself in the power of the Sheriff, with an intention of going into Ids custody, in discharge of his bail, and his purpose is made known to the Sheriff, either from bis own lips or, by the words of another, which he recognizes as evidencing his intention; — this amounts to as full a surrender as if the words declaring that intent had issued from his own mouth. The surrender becomes completely his own, and all pretence of charging the Sheriff as a trespasser, is taken away by his own voluntary act. I call the act
 
 voluntary,
 
 notwithstanding the moral force which the stranger may have used, to induce the principal to accompany him to the Sheriff for that purpose, suchas persuasions, representations, and the like. ,
 

 
 *94
 
 I think that the Judge erred in passing over this view of the case, and presenting another, which did not arise until this was disposed of; for the Jury must necessarily have understood that the surrender amounted to nothing, unless young
 
 Culpeper
 
 had an authority in writing from his father. There should, therefore, be a new trial.
 

 Judgment reversed.