Ruffin, Judge.
 

 The plea does not state for what matter or cause
 
 Rogerson
 
 is imprisoned, whether civil or criminal; and is for that reason alone defective. But supposing we must intend, that as it alleges the imprisonment to be on a warrant of distress issued from the Treasury Department of the United States, that he is confined for a
 
 debt
 
 due to the United States, the question is, does that bar this action against his bail. It is clear that it does not. The statute makes the death of the principal or the surrender of him, a bar; and nothing else. In England, if he be imprisoned within the realm, so that the bail cannot make a personal surrender, the court will have him brought up by
 
 habeas corpus
 
 for that purpose. Our statute of
 
 1777, (Rev. c,
 
 115, s. 22) directs in such case, that the court may, upon the motion of the plaintiff or bail, order such principal to be retained a prisonerun-til the plaintiff’s debt be paid, 'and the service of the or-
 
 *157
 
 (lev on the jailor shall authorize him to detain the debt- or,’ and this shall be deemed a surrender of the principal and discharge of the bail. It does not provide for an imprisonment of the principal beyond the jurisdiction of the court. If indeed it be unlawful for. the principal to .©emain or to come into the country, or if he be imprisoned abroad for a criminal matter, so that the bail cannot by any means take his body for the purpose of surrendering him, the court may in its discretion relieve the bail as far as justice demands ; but even such facts cannot be pleaded in bar of the action against the bail. It would be manifestly wrong, that they should constitute a bar; for the bail may be indemnified to the full extent of his responsibility, or may have colluded with the debtor to get him off. Relief is therefore given in such cases, by staying the proceedings against the bail, or by entering an
 
 exoneretur ;
 
 upon motions for which the parties may be put to.their oaths, and the merits determined. But I do not find any case, whore any relief has been given upon the mere ground, that the principal is imprisoned beyond the jurisdiction for a debt. Such an imprisonment must be taken to be temporary; which must make it fail as a bar ; which is the point before us now. And I see no reason why such an imprisonment — for a debt — should induce the court to enter an exoneretur, or stop the proceedings. For the hail must be taken'to have undertaken to produce his principal, unless it was unlawful or impossible. This is tiie case with an alien enemy, one transported for a crime, or Imprisoned abroad for like matter. But be may always arrest his principal, who is imprisoned for debt only, by paying that debt. He has engaged to surrender him, without any such exception. The plaintiff must lose the benefit of his recovery, unless the bail he bound to release the debtor from his confinement abroad ; for if the plaintiff were to do so, he could not arrest him and bring him within this jurisdiction. The bail alone has that'power. But the dear-reason is, that the bail contracts to have the debtor forthcoming ; and it is no answer to that for him to say, my principal owes another man as well as you. He ought to have seen to that beforehand.
 

 If it is unlawful for the principal to come into the state, or if he is imprisoned abroad for a criminal offence, the court will in its discretion relieve the bail.
 

 But no relief will be given, where the baili§ imprisoned abroad for debt.
 

 
 *158
 
 A plea of the death ofthe principal cannot be received in this court, because it has no jury to ascertain its truth.
 

 But it is not necessary to consider, whether such a state of facts warrants any relief, since the inquiry here is, whether it is a good
 
 bar
 
 to the action of the plaintiff. We all think for the reasons given — that the imprisonment is temporary, and that the bail may be no loser, because he may have the money of his principal — that the plea is bad, and does not bar the'action.
 

 Since the case was argued, a plea has been tendered of the death of
 
 Roger son,
 
 subsequent to the rendering the judgment in the Superior Court, supported by an affidavit of the defendant. It is too late. The plea cannot be received here; for there can be no pleading in this court. We cannot have a jury to try it. The final judgment was that of the Superior Court, which fixed the bail. Our province is only to say, whether that judgment was erroneous. If we thought it so and sent the case back, it would then be open to this defence. But as we see no error, it must abide the decision already made. .
 

 Per Curiam. — Judgment aeexrmed.