Ruffin, C. J.
 

 The judgment of the Superior Court consists of two parts. It first reverses that of the County Court, upon (he ground that the notice to the second Term was not sufficient. Then the Superior Court, proceeding to give such judgment as,, in the opinion of that Court, the inferior Court ought to have given, rendered a- judgment against the defendant and his surety on the bond given to the constable, to be discharged by the payment of the plaintiff’s debt, interest and costs.
 

 The opinion of this Court is, that the statute for the relief of insolvent debtors, Rev Stat. c. 58, does not sustain the judgment of tide Superior Court in either of its parts.
 

 Though it should be1 admitted that the debtor was not entitled to take the oath of insolvency at- the second Term, for the want of a notice to the first Term, yet it is clear that there could not be judgment onthe bond. The surety binds himself
 
 “
 
 for the appearance of the debtor at the Court,” and is liable only “in case of the failure to appear” of the principal, sec. 7. He does not engage that
 
 the
 
 debtor shall give notice or shall take the oath. On the contrary, the 9th section authorizes the surety to surrender the principal, either to the officer or in Court, and, to that end, vests the surety with the powers of special bail, and declares that the surrender shall discharge the surety. Consequently, if the surety brings in the body of the debtor, or if the latter enters his appearance,
 

 
 *19
 
 and subsequently makes no default, but is in Court, whenever duly demanded by the creditor, until the final adjudica-_ tion of the case, the whole engagement of the surety is fulfilled. It is true this debtor did not attend the first Term. But that worked no forfeiture of the bond, because, in conformity with the second proviso of the 7th section, the Court adjudged that he was in no default therefor, and gave him day to appear until the next term. In case the debtor does appear and then refuses to take the oath, or is unable so to do because he had not given the necessary notice, the act provides a remedy, not upon the bond, but against the debtor personally. For default of this last kind it is enacted, sec. 10, that the debtor, being thus in Court, “ shall be deemed in custody of the Sheriff, and the Court shall adjudge that he be imprisoned until he has given the necessary notice, which he may do at the next succeeding Court.” That adjudication, and, unless he shall pay the debt, the consequent imprisonment of the debtor, give to the creditor the full effect of the process against the debtor’s body; and remove all ground for asking a judgment against the surety.
 

 But we likewise think that, in this case, notice was given in due time, and that the debtor was properly admitted to his oath, and discharged in the county Court. We do not think a debtor can wantonly or negligently defer giving notice. He is bound to do so before the first Term, and to attend at that Term, “ unless prevented by sickness or other cause, to to be judged of by the Court.” But, if he be so prevented, the second proviso of the 7th section enacts, that the case shall be continued to the next Court. From that it naturally follows, that every thing the party failed — for good excuse, allowed by the Court — to do at or before the preceding, might be done at or before the succeeding Term. But the act proceeds, in the same sentence, explicitly to say, that at the next Term “the same proceedings shall be had as if he (the debtor) had appeared at the first Term.” The intention of the Legislature seems to have been, where a person is prevented by sickness, or other reasonable excuse, allowed by the Court, from doing all or any thing that is requisite to entitle him to take the oath at the first Term, that then the whole case shall
 
 *20
 
 be continued, and the party have his day at the next Term in the same manner as if the process were returnable thereto, and the party had been bound from the first to appear thereat. In this case the Court found that the debtor’s omissions did not arise from his default, but from the act of God,
 
 and
 
 therefore the case was continued at the first Term; and before the next the notice was given, and at that Term the defendant duly appeared.
 

 The judgment of the Superior Court is, therefore, erroneous, and must be reversed, and that of the County Court affirmed.
 

 Per Curiam. Judgment accordingly.