Battle, J.
 

 There is not tbe slightest doubt that the judgment rendered in the County Court against the defendant and the surety on his appearance bond, was erroneous. Though the defendant had not given the notice of his intention to take the benefit of the insolvent oath, yet, as he appeared, no judgment could be rendered against him and his surety in the bond, because the surety was responsible only for his appearance.
 
 Watson
 
 v.
 
 Willis,
 
 2 Ire. Rep. 17. This judgment, however, was vacated by the appeal from it to the Superior Court. The cause was then, by the appeal, properly constituted in the Superior Court, and was so treated by both parties. In that Court, it was as much the duty of the defendant to take the necessary steps for qualifying himself to take the benefit of the insolvent’s oath, as it had been while the case was in the County Court. Among other things which it was his ¡duty to do, he was bound to appear whenever he was called, in the regular business of the Court, and to take the oath, or, upon good cause shown, get a continuance of his suit until the nest term. This is clearly shown by the case of
 
 Wilkings
 
 v. Bingham, 3 Ire. Rep. 86. This, the defendant, upon being solemnly called, failed to do, whereupon the plaintiff became entitled to judgment against him and the sureties to his appeal bond, for the amount of the debt, interest and costs.
 
 Wilkings
 
 v. Bingham,
 
 ubi supra ; Williams
 
 v. Floyd, 5 Ire. Rep. 649.
 

 PER CueiaM. Judgment affirmed.