Pearson, C. J.
 

 There is no ground to support the position that the statute is unconstitutional. The Legislature has power to confer on a municpal corporation
 
 authority to
 
 make bylaws and regulations for its “ better government,” and, in pursuance thereof, the corporation may impose fines and penalties, so as to prevent the commission of acts calculated to disturb tire good citizens of the town, although such acts be not of a character so grave as to fall within the rules of the common law, or any provision of the general statute law. Indeed, one main purpose of an act of incorporation, is to enable the town to have more stringent rules for its better government, than such as apply to the state at large. The supposed necessity for it being, that a dense population has collected in a particular locality, so as to call for special regulations, in order to ensure good order, and promote the quiet and comfort of the citizens.
 

 But this Court is of opinion that the ordinance in question, is void for uncertainty, and its enforcement is impracticable, according to the settled mode of proceeding in our courts, by reason of its vagueness, in respect to the amount of the penalty. That is not fixed by the ordinance, but is left open, between one and twenty dollars, to be afterwards fixed by the magistrate of police on the trial, according to the circumstances of each case. This manner of imposing penalties commends itself in one point of view, because it leaves the matter open until the evidence is heard, and the aggravating or mitigating circumstances are found; but, as before remarked, it is impracticable, according to the settled modes of proceeding in our courts, although the same end could be effected by a slight change in the provisions of the ordinance, that is, by
 
 *284
 
 imposing a fine of twenty dollars for the offense, with a provision, that, after conviction and judgment, the magistrate of police shall have power to reduce the penalty to a sum not less than one dollar, by remitting the excess.
 

 For the purpose of showing that the ordinance as framed, cannot be enforced, it is only necessary to advert to the fact, that an action of debt will only lie for a “ sum certain,” and the inconsistency of the warrant, in this instance, with the nature of the action of debt, is obvious on its face, and we have.no doubt, greatly embarrassed the learned counsel, who drafted it, “ whereby the said Harris has forfeited, &c., the sum of
 
 not less than one nor more than t/wenty dollars /
 
 and an action has accrued to the commissioners to demand the
 
 same:
 
 these, therefore, are to command you to have, &c., before the magistrate of police, to
 
 render
 
 to
 
 said
 
 commissioners, the
 
 penalty
 
 of violation.” All is fixed with certainty,
 

 except the amount of the sum, which he is “ to render,” and which is the gist of the action. So, no proceeding in the nature of an action, of debt, and it is scarcely necessary to say, nothing in the, nature of an “action of assumpsit,” will meet the exigency of the case.
 

 But it is suggested that the commissioners had power to adopt a new mode of proceeding, and were not tied down to the old forms of the common law! That may be true, provided the matter was to be confined entirely to themselves; but this statute allows an appeal to the Superior Court, and the commissioners hardly had power to lay down a new mode of proceeding for that Court; at all events, they have not attempted to do so, and where the case is constituted in the Superior Court, this difficulty arises, i. e., by the appeal, the judgment of the magistrate of police was vacated ; suppose the jury find the facts alleged by the plainliffs, who is to fix on the amount the defendant has forfeited, and should have rendered to the plaintiffs? The jury? certainly not; because it is not in the nature of damages. The Court? on what ground ? It is not a criminal proceeding, where he may exercise his discretion in fixing the punishment; other
 
 *285
 
 •wise, it should have been before- the grand jury ; and, treating it as an action, or proceeding in the nature of one, on the civil docket, he has no right, according to the authority and power vested in him by the general law, t'o fix the amount of the plaintiffs’ debt, and although the commissioners have conferred such power upon their magistrate of police, their ordinance does not confer it on the Judge presiding in the Superior Court!
 

 Piper
 
 v. Chappel, 11 Mees, and Wels. 621, is an authority to show that the penalty must be fixed. It is there held: “ We do not see any objection to this mode of fixing the penalty. It is a
 
 certain
 
 penalty of
 
 £5,
 
 with the power of mitigation, not below £2, and we do not think this unreasonable.”
 

 In
 
 Commissioners of Washington
 
 v. Frank, 1 Jones’ Rep. 136, the point was not adverted to.
 

 There is error. Judgment reversed and a
 
 venire de novo.
 
 As the facts were not disputed, it is to be regretted that the case was not put in a shape to enable this Court to enter judgment in favor of the defendant.
 

 Per Curiam,
 

 Judgment reversed, and a
 
 venire de novo.