ADRIAN & VOLLERS v. R. T. SCANLIN.

*Arrest and Bail--Imprisonment of Principal--Exoneration of Bail.*

Bail, in a civil action, is not exonerated by the fact that the principal is imprisoned for a crime, when the term of imprisonment has expired before judgment against the bail.

ARREST and BAIL tried at Spring Term, 1877, of CUMBER-LAND Superior Court, before *McKoy, J.*

Proceedings in Arrest and Bail were instituted by the plaintiffs against one John D. Jackson, who was arrested, and subsequently—on the 16th of April, 1870,—discharged from arrest upon an undertaking signed by the defendant in this action. On the 10th of February, 1871, and before final judgment was had against this defendant upon said under-taking, Jackson was convicted of larceny in Harnett Superior Court, and sentenced to imprisonment in the County jail for one year. On the 20th of November, 1871, judgment was rendered in Cumberland in the action by Adrian & Vollers against Jackson for $348.87. On the 13th of February, 1872, execution issued against the property of the defendant, and the return thereon was "nothing to be found." On the 29th of October, 1872, execution issued *against the person* of the defendant and returned "not to be found," nor has Jackson

rendered himself amenable thereto. On the 25th of April, 1873, this action was brought against the defendant Scanlin, the obligor in the undertaking.

Upon the trial, the defendant requested the Court to instruct the jury that the plaintiffs could not recover, because the bail had been exonerated by the arrest and imprisonment of the principal (Jackson) before final judgment against the bail. His Honor declined to give the instruction and the defendant excepted. The jury rendered a verdict for plaintiffs. Judgment. Appeal by defendant.

*Mr. John W. Hinsdale,* for plaintiffs.
*Messrs. McRae & Broadfoot* and *Guthrie & Carr,* for defendant.

READE, J. The question is, whether bail in a civil action is exonerated by the fact that the principal is indicted, convicted and imprisoned for a crime subsequent to the date of the bail's undertaking, without regard to the fact that the term of imprisonment had expired before judgment in the civil action against the bail.

Formerly when the Sheriff returned upon a *sci. fa.* in a civil case, that the principal was in prison by virtue of any process, civil or criminal, and the principal was *then actually in prison,* this should, if then pleaded by the bail, be deemed a surrender of the principal and a discharge of the bail. Rev. Code, ch. 11, § 7. Our present statute is substantially the same and must have the same construction. It provides that "the bail may be exonerated either by the death of the defendant, or his imprisonment in a State prison, or by his legal discharge from his obligation to render himself amenable to the process, or by his surrender to the Sheriff of the County where he was arrested in execution thereof, at any time before final judgment against the bail." C. C. P. § 161.

The defendant insists that the imprisonment of the princi-pal had precisely the same effect as his death would have had. We do not think so. The statute does not mean that the bail shall be exonerated merely because the principal shall have been *put* in the prison, but if he shall *be* in prison at the time when the bail may be called to surrender him.

No error.

PER CURIAM.                  Judgment affirmed.