BOND E. SEDBERRY, Receiver of James Harris, v. ALEXANDER
R. CARVER.

*Arrest and Bail--Imprisonment of Defendant--Exoneration of Bail--
State Prison.*

1. Where the imprisonment of a defendant under C. C. P. § 161 expired
before judgment was obtained, either against the principal in the origi-
nal action or against the bail upon his undertaking; *Held*, that such
imprisonment does not exonerate the bail.

2. The term "State Prison," as used in the statute, applies to either the
Penitentiary or the County Jail.

(*Granberry* v. *Pool* 3 Dev. 155; *Adrian & Vollers* v. *Scanlin, ante,* 317,
cited and approved.)

ARREST and BAIL, tried at Spring Term, 1877, of CUMBER-
LAND Superior Court, before *McKoy, J.*

The case is fully stated by Mr. Justice BYNUM, in deliver-
ing the opinion of this Court. Judgment for plaintiff.
Appeal by defendant.

*Messrs. J. W. Hinsdale* and *C. W. Broadfoot,* for plaintiff,
submitted; C. C. P. § 161 is to be construed strictly. A
County jail is not a State prison, Const. Art. XI § § 3, 6;

Bat. Rev. ch. 85 §§ 1, 42, 45. The imprisonment will not avail bail because the term had expired before the execution against the person was issued. A temporary imprisonment is no defence, *Granberry* v. *Pool*, 3 Dev. 155 ; 6 Cowen 599 ; 8 Mass. 169 ; Thompson on Prov. Rem. 112. The bail ought to have surrendered his principal, 2 John 482 ; 2 Wend. 263; 16 Mass. 218.

*Messrs. J. C. McRae* and *B. Fuller,* for defendant.

BYNUM, J.   James Harris instituted a civil action in Cumberland County against John D. Jackson and procured an order of arrest against him.   On the 23d of March, 1870, the defendant Carver became the bail of Jackson by executing the undertaking on bail as required by C. C. P. § 157.   On the 10th of February, 1871, the said Jackson was by the Superior Court of Harnett County on a criminal prosecution tried and sentenced to imprisonment for one year, and was in execution of the sentence at that time committed to the County jail of that County.   At the Spring Term, 1872, final judgment in the civil action was rendered against Jackson by the Superior Court of Cumberland, execution was issued against the property of the defendant and was duly returned, "nothing to be found."

On the 5th of April, 1873, execution was issued against the body of the defendant Jackson, and returned endorsed "not to be found."   On the 30th of October, 1873, this action against the defendant (as the bail of Jackson) was commenced, and it was tried at the Spring Term, 1877. Jackson has neither surrendered himself or been surrendered by his bail in discharge of the bail.   It is contended by the defendant that he was exonerated as bail by the imprisonment of Jackson in a State prison by virtue of the provisions of C. C. P. § 161.   That section is in these words ; "The bail

may be exonerated either by the death of the defendant, or his imprisonment in a State prison, or by his legal discharge from the obligations to render himself amenable to the process, or by his surrender to the Sheriff of the County where he was arrested in execution thereof, at any time before final judgment against the bail." By C. C. P. § 159, for the purpose of surrendering the defendant, the bail is empowered at any time before he is finally charged, to arrest him or empower any other suitable person to arrest the defendant anywhere.

It will be observed that the time of Jackson's imprisonment expired before judgment was obtained against him in the action, and two years before the execution was issued against his person, and a still longer time before this action against the bail was instituted. The escape of the defendant from prison within a month after his committal is not material; but the evidence of the bail himself, if we consider it, establishes the fact that he saw Jackson at large a month after he was committed to prison, when he had the legal right to arrest and surrender him, and that he made no effort to do so.

The case turns upon the construction of C. C. P. § 161, as applied to the facts of this case.

There is no substantial reason for making a distinction between County jails and the Penitentiary, where the term of imprisonment may be the same in both sorts of prisons. The term "State prison," as used in the statute, may equally apply, and was probably intended to apply, to either the Penitentiary or the County jail.

At the time final judgment was had against the defendant Jackson, when he should have surrendered himself in discharge of his bail, he was out of prison and at large; when execution was issued against his person, he was at large; and when this action commenced to charge the bail, he was still at large, and so far as appears he is at large yet, and in

21

the State. The imprisonment of the principal which will' exonerate the bail is not such a one as had expired before judgment had been rendered against him. The condition of the bail bond in our case is, " that if the defendant is discharged from arrest, he shall at all times render himself amenable to the process of the Court during the pendency of this action, and to such as may be issued to enforce the judgment therein." What constitutes a breach of this undertaking?—Certainly there is no breach until the plaintiff first seeks the *body* of the defendant for the satisfaction of his judgment. When execution was issued against the person of Jackson, it was, and not before, the duty of the defendant to surrender himself; or of the bail, to surrender him to this demand by legal process. When that execution issued, Jackson was out of prison and at large, and in legal contemplation was in the custody of his bail. The failure to surrender him then, was a breach of the undertaking of the bail. This breach was a continuous one until the bail had been charged by a final judgment against him on the undertaking. From the issuing of the execution against the body until final judgment against the bail, there was a continuous demand for the body of the principal, and an increasing duty upon the bail at any and all times during that period, to surrender his principal in his own discharge.

The reason why the imprisonment of the principal under judicial sentence discharges the bail, is, that it renders a surrender impossible; and being the act of the law, it excuses the failure. The bail will be discharged only where the performance of the condition is made impossible by the act of God, the act of the obligee, or the act of the law : Where the principal dies before the day of performance, is a case of the first class ; Where the Court before which the principal is bound to appear is abolished without qualification, or where the bail is released by the plaintiff, are cases of the second class ; Where the principal is confined

in prison by judicial sentence during the period when his surrender is demandable, belongs to the third class. *Taylor* v. *Taylor*, 16 Wall. 366 ; *People* v. *Bartlett*, 3 Hill 571 ; Co. Litt 206 ; Bacon's Abr. Title, *Conditions.* No act of the law in our case rendered the surrender of the principal impossible, for he was not in prison, and the failure to surrender him was, in the view of the law, the result of the negligence or connivance of the surety.

In *The Phœnix Fire Ins. Co.* v. *Mowatt*, 6 Cowen, 599, the defendant having put in special bail was afterwards convicted of a conspiracy and sentenced to the Penitentiary for two years. It was moved that an *exoneretur* be entered on the bail piece. But the Court denied the motion, saying ; " We have not relieved special bail in this way by reason of the principal being in prison, unless *for life or for a long term of years in another State.* A temporary imprisonment for any cause might as well be urged as the ground now taken. Bail take the risk of such an event. Time, perhaps, may be given to surrender where he is pressed with a suit, but to grant an *exoneretur* at once for every imprisonment would render the security worthless." 18 John, 35. A similar view of the law has been taken by this Court in the case of *Granberry* v. *Pool*, 3 Dev. 155.

So that, from authority, the mischiefs in view, and the reason of the thing, we may safely conclude ; (1) that the statute C. C. P. § 161, has no application to imprisonment of any duration whatever under *civil* process, for as was said in *Granberry* v. *Pool*, the bail may pay the debt and surrender his principal ; (2) it has no application where the term of imprisonment under *criminal* process has expired before final judgment against the bail, for in such case the principal can be delivered ; and (3) *it would seem*, that no temporary imprisonment *within* the State will exonerate the bail, for in such case the Court may, upon the motion of the plaintiff or bail, order the principal to be retained a prisoner until the

debt is paid ; and the service of the order on the jailor shall authorize him to detain the debtor ; and this shall be deemed a surrender of the principal in discharge of the bail.

To hold that any term of imprisonment merely temporary shall discharge the bail, would be to encourage fraud and collusion between the bail and his principal, as well as the commission of crime. Imprisonment for life *within* the State jurisdiction would, we presume, be within the statute and exonerate the bail ; because there, there could be no surrender, or act equivalent thereto, as in case of an imprisonment for years or a less time. So an imprisonment *without* the jurisdiction of our Courts—as in a foreign State, by a judicial sentence of the Courts of that State, for a term less than for life, but existing at the time the bail is sought to be charged, and up to final judgment against him—would also fall within the provisions of the statute. By such imprisonment without the State, the bail would lose the power to surrender, or to have the prisoner charged after the expiration of his sentence, as he might do in this State.

But it is unnecessary to decide, and we do not decide, any question except that presented by our case, and that is, whether the statute, C. C. P. § 161, applies to the exoneration of bail when the term of imprisonment has expired before judgment has been obtained, either against the principal in the original cause of action, or against the bail upon his undertaking. Such an imprisonment will not exonerate the bail. See *Adrian & Vollers* v. *Scanlin, ante,* 317.

No error.

PER CURIAM.                    Judgment affirmed.