The defendant was arrested by virtue of a warrant, granted by the mayor of the town of Durham, charging her criminally for an alleged violation of an ordinance of that town, whereof the following is a copy:
"Any person who shall assault, oppose, or resist, or in any manner abuse, or insult any officer of the town, or member of (878) the police, while in the discharge of any duty, shall forfeit andpay not more than fifty dollars, or suffer imprisonment not to exceed onemonth."
Before the mayor, the defendant pleaded not guilty; upon the trial she was found guilty, and there was judgment against her, from which she appealed to the Superior Court, where she was again found guilty, and there was judgment there against her, from which she appealed to this Court.
The charge in the warrant cannot be sustained as a criminal offence. The ordinance, for an alleged violation of which it is preferred, is void for uncertainty. It prescribes a penalty for a violation of its provisions, of "not more than fifty dollars," that is, it may, in the discretion of the mayor, be any sum less than that designated. It is settled, that penalties such as those prescribed in town ordinances, must be for a definite, fixed sum of money. An ordinance in substance *Page 732 
like that before us, was expressly held to be void, in Commissioners v.Harris, 52 N.C. 281; State v. Zigler, 32 N.J.L. 269; 1 Dill on Mun. Corps., Sec. 337, et seq.
The ordinance further provides, that whoever violates its provisions, shall pay such penalty as that mentioned, "or suffer imprisonment, not to exceed one month." This provision is also void. The charter of the town, (Pr. Acts 1874-'75, ch. 110), does not authorize the commissioners thereof to prescribe imprisonment for a violation of an ordinance made by them. It only authorizes the imprisonment of a person so offending, if he fails to pay the penalty incurred, when judgment therefor shall be obtained against him.
Nor does the general statute law of the State, in relation to "towns and cities," (The Code, Vol. 2, ch. 62), authorize imprisonment for a violation of town ordinances. The Code, Sec. 1804, provides, that, "They, (the commissioners of towns), may enforce their by-laws and regulations, by imposing penalties on such as violate them, and compel the performance of the duties they impose upon others, by (879) suitable penalties."
By the term penalty, as here used, is meant a pecuniary punishment. Generally, that term implies a sum of money, specified to be paid, because of some default, or violation of law by the party to be charged.
Besides, other sections of the statute cited, show clearly that pecuniary penalties are intended. These provide for their collection.
So that, although the commissioners of the town of Durham, might exercise the powers conferred by the general statute cited above, in respects not effected by the provisions of the charter of that town, they would still not have authority to prescribe imprisonment for the violation of an ordinance they might make. They cannot exercise a power not conferred.
As the ordinance in question is void, the defendant committed no criminal offense as charged.
The effect of the Code, Sec. 3820, and as well Sec. 78 of its charter, makes it a misdemeanor to violate an ordinance of the town of Durham, but these statutes imply a valid ordinance — one that is operative and effective.
The penalty is an essential part of the supposed ordinance in question; without the latter, which we have seen is void, it is unmeaning and pointless. It may be, that the violation of a valid ordinance, without a penalty attached, would be indictable, but here there is none in law.
This Court held in State v. Bean, 91 N.C. 554, that it was not a criminal offence to violate or disregard a void ordinance of the town *Page 733 
of Salisbury. That case is directly in point, and must control this case. 1 Dill. Mun. Cor., Sec. 336.
There is error. The defendant was improperly convicted. To the end that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court. It is so ordered.
Error. Reversed.
Cited: S. v. Cainan, 94 N.C. 884; S. v. Worth, 95 N.C. 616; S. v.Rice, 97 N.C. 422; S. v. Irvin, 126 N.C. 995; S. v. Maultsby, 139 N.C. 585;S. v. Addington, 143 N.C. 686; S. v. Abernethy, 190 N.C. 771.