STATE v. MAULTSBY.

(Filed October 17, 1905).

*Penalties—Fines—Clear Proceeds—Division of Fine with Informant—Constitutional Law.*

1. The Legislature has power to give "penalties," which must be sued for, either wholly or in part to whomsoever shall sue for the same, and only the clear proceeds of such as accrue to the State go to the school fund under the provisions of Art. IX, sec. 5, of the Constitution.

2. Fines, from their very nature, being punishment for violation of the criminal law, are imposed in favor of the State and belonging to the State, the Legislature cannot appropriate their clear proceeds to any other purpose than the school fund.

3. By "clear proceeds" is meant the total sum less only the sheriff's fees for collection, when the fine and costs are not collected in full.

4. The provision in chapter 125, Laws 1903, that the informant "shall
   receive one-half of the fine imposed" is unconstitutional and
   there was no error in refusing the petition of the informant
   for one-half of a fine imposed for selling liquor contrary to its
   provisions.

THIS is a petition in the action of *State v. W. S.
Maultsby,* by one John Evylin, for one-half of a fine im-
posed upon the defendant Maultsby upon his conviction
for retailing spirituous liquors in violation of the Cumber-
land County prohibition law, heard by *Judge G. S. Fergu-
son,* at the March Term, 1905, of the Superior Court of
CUMBERLAND County. From a refusal of the petition, the
informant, Evylin, appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*N. A. Sinclair* and *R. H. Dye* for the informant.

CLARK, C. J.   Under the provisions of the Constitution,
article IX, sec. 5, the "clear proceeds of all penalties and
forfeitures of all fines" are, with other sources of revenue
named in said section, appropriated to the school fund.
"Penalties" are recoverable by civil action and from time
immemorial accrue to the State only when the act creating
them so directs.   The above section is in the article on "Ed-
ucation," and was not intended as a restriction upon the
immemorial legislative power to authorize *qui tam* actions
for penalties (and if so intended it would have been placed
in article II of the Constitution on the "Legislative De-
partment"), but is merely a provision that the net proceeds
of such penalties as accrue to the State shall be devoted to
the public schools.   This has been fully discussed and set-
tled. *Katzenstein v. R. Co.,* 84 N. C., 688; *Hodge v. R. Co.,*
108 N. C., 30-32; *Sutton v. Phillips,* 116 N. C., 502, and
cases there cited and reaffirmed in *Goodwin v. Fertilizer
Co.,* 119 N. C., 122; *Carter v. R. Co.,* 126 N. C., 445; *Board*

*of Education v. Henderson,* Id., 695; *School Directors v. Asheville,* 137 N. C., 508.

While it is true that it is competent for the Legislature to give penalties, which must be sued for, either wholly or in part to whomsoever shall sue for the same, and only the clear proceeds of such as accrue to the State go to the school fund, it is otherwise as to "fines." From their very nature, being punishment for violation of the criminal law, they are imposed in favor of the State and belonging to the State, the General Assembly cannot appropriate the clear proceeds of fines to any other purpose than the school fund. By "clear proceeds" is meant the total sum less only the sheriff's fees for collection, when the fine and costs are not collected in full. This also has been fully discussed and settled. *Board of Education v. Henderson,* 126 N. C., 689; *School Directors v. Asheville,* 137 N. C., 508. The distinction is that section 5, article IX. is an appropriation of certain existing sources of revenue, and penalties accrue to the State only when so prescribed, but fines belong to the State in all cases. Hence the Legislature in the act here in question (Laws 1903, chap. 125), under which the judge imposed a fine of $100 for selling whiskey contrary to its provisions, exceeded its powers in section 9 thereof, in providing that the informant "shall receive one-half of the fine imposed." A penalty is always for a sum certain (*Commissioners v. Harris,* 52 N. C., 281; *State v. Crenshaw,* 94 N. C., 877), and is recoverable in a civil action by the party entitled. *Middleton v. Railroad,* 95 N. C., 167; *Burrell v. Hughes,* 116 N. C., 437. A fine is discretionary within the limits prescribed and is paid to the State.

In refusing the petition of the informant for one-half of said fine, there was

No Error.