STATE v. B. F. HOLT et al.

(Filed 23 October, 1907).

**Principal and Surety—Appearance Bond—Failure to Produce Principal—Excuse.**

> The liability of a surety upon an appearance bond is a continuing one until discharged by renewal of bond or production and surrender of principal. He is not released by the principal being drunk and under arrest when his case was called in court and continued, and by the principal having since become a fugitive from justice under charge of a different offense.

ACTION against the surety upon an appearance bond, heard before *Councill, J.,* at March Term, 1907, of the Superior Court of ANSON County.

From judgment rendered against him the defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*Assistant Attorney-General Clement* for the State.
*H. H. McLendon* for defendants.

CLARK, C. J. *Sci. fa.* against Holt, principal, and Ballard, surety, on appearance bond. The defendant was called on Wednesday of April Term, and judgment *nisi* and *capias* ordered. It was issued 10 July and served on surety, the principal not found, having become a fugitive from justice on another charge. On motion for judgment absolute, the surety, Ballard, answered that Holt did not appear in court on Wednesday when called, because he could not, being under arrest in the town lockup, and that as soon as released he came to the courthouse, but found that his case had been continued. The Solicitor replied that Holt had not renewed his bond after being called out, that he had not attended court after the *sci. fa.* issued, and was now a fugitive from the State; that, when called out, said Holt was in town custody on a charge of being drunk and disorderly.

It is very true, as Sir Boyle Roche said in the Irish Parliament, that "no man can be in two places at the same time, barring he is a bird," and that Holt could not be down and drunk in the town guardhouse and at the same instant soberly and seriously conducting his defense in the Superior Court. But he had no business to be drunk. His being in town custody was neither "the act of God nor the public enemy." He could not plead his own wrong.

The surety (Ballard) says he was not surety that Holt should keep sober and out of custody of the law on some other charge; hence he is not responsible for Holt not appearing on Wednesday when called. If that be conceded, the surety (Ballard) was, nevertheless, not discharged from liability on the bond until Holt renewed his bond or appeared and stood his trial. The continuance of the case, unless the bond is renewed, does not discharge the surety. *State v. Morgan,* 136 N. C., 602. The judgment *nisi* did not discharge the surety, for that was a conditional judgment against both principal and surety, with opportunity to show cause why it should not be made absolute. If sufficient excuse has been shown for the failure to answer on Wednesday, none has been shown why Holt did not give bond during the term, after his release or later. The liability of the surety is a continuing one until discharged by renewing the bond or producing the prisoner and surrendering him into custody. Certainly a defendant cannot relieve himself and surety by getting drunk and in arrest, and then avoid all consequences by taking flight when released from that arrest. The town authorities may not have known of Holt being bound over to court. If they did, it was not their duty, but his surety's, who had so contracted, to deliver him to the court when called for. The judgment absolute is

Affirmed.