JAMES F. STEPP v. R. P. ROBINSON ET AL.

(Filed 4 January, 1933.)

**Bail B e—Defendant was amenable to process of court upon appearance on motion against surety, and judgment against surety was error.**

Upon motion against the surety on a bail bond the defendant, in response to notice served upon the surety, C. S., 794, appeared in open court. The surety was not present upon the hearing of the motion. The defendant was given opportunity to voluntarily surrender himself, which he refused upon his contention that he was not liable to be taken in arrest. Judgment was entered against the surety, C. S., 778, 792. *Held,* upon the defendant's appearance in open court he was "amenable to the process of the court" and the judge should have ordered execution against the person of the defendant, the defendant's contention that he was not

liable to be taken in arrest notwithstanding, and the judgment against the surety was erroneous, the primary object in taking bail being to keep the defendant within the jurisdiction and call of the court and not to recover the penalty on the bail bond.

APPEAL by surety on bail bond, from *Schenck, J.,* at May-June Term, 1932, of HENDERSON.

Civil action for damages, arising out of fraud, tried upon issues set out in 201 N. C., 848, with ancillary remedy of arrest and bail.

Upon the arrest of the defendant, he gave undertaking, or bail-piece, with his wife as surety, conditioned, as provided by C. S., 778, "that if the defendant, R. P. Robinson, is discharged from arrest he shall, at all times, render himself amenable to the process of the court during the pendency of this action, and to such process as may be issued to enforce judgment thereon."

There was a verdict and judgment for the plaintiff. Execution issued against defendant's property was returned *"Nulla bona"*; and execution against the person of the defendant was returned *"non est inventus."* Whereupon, after notice to the surety or bail, as required by C. S. 794, there was judgment, as we understand the record, against the surety, Dora Robinson.

It appears that upon the final hearing of said motion, "the defendant, R. P. Robinson, who was present in court, was given opportunity to surrender himself to the process of the court, and the defendant, Dora Robinson, who did not appear in person, was given opportunity to surrender the defendant to the process of the court, as provided by C. S., 792, which opportunity was refused at the time."

From judgment against the surety, she appeals.

*W. R. Sheppard for plaintiff.*
*R. L. Whitmire for defendant, Dora Robinson.*

STACY, C. J., after stating the case: When the defendant, R. P. Robinson, appeared in open court, in response to notice served upon his surety or bail, he was then "amenable to the process of the court," notwithstanding his refusal thus to surrender himself. It was the contention of the defendant and his surety, upon the hearing of said motion, that the defendant had theretofore been discharged from liability to arrest, and for this reason, voluntary surrender was refused. Upon rejection of this contention, the court should have ordered execution against the person of the defendant, rather than hold the surety or bail, who was not present, for failure to surrender him. *Pickelsimer v. Glazener,* 173 N. C., 630, 92 S. E., 700; *Ledford v. Emerson,* 143 N. C., 527, 55 S. E., 969.

The condition of the undertaking is, that the defendant shall, at all times during the pendency of the action, render himself amenable to the process of the court. This condition was met when the defendant voluntarily appeared in court upon the hearing of the motion against his surety. It is true, he contended that he was not liable to be taken in arrest, but this was not a matter for him to decide. *S. v. Lingerfelt,* 109 N. C., 775, 14 S. E., 75.

The primary object in taking bail in such cases is, not to recover the penalty of the bond upon default, but to keep the defendant within the jurisdiction and call of the court. *Pickelsimer v. Glazener, supra.*

There was error in entering judgment against the surety when the condition of the bond had been met by the defendant voluntarily appearing in court and thus rendering himself "amenable to the process of the court." *Watson v. Willis,* 24 N. C., 17; *Mears v. Speight,* 49 N. C., 420; *Sedberry v. Carver,* 77 N. C., 319; *Dick v. Stoker,* 12 N. C., 91, 3 R. C. L., 49.

Error.