STATE v. DEXTER WELBORN ET AL.

(Filed 10 January, 1934.)

**Bail B e—Absolute judgment on forfeited recognizance under facts of this case held error.**

Where defendant and the sureties on his appearance bond appear in answer to a *scire facias* and show that defendant's failure to appear at a prior term of court in accordance with the terms of the bond was due to the fact that defendant had been turned over to the Federal Court by a prior bondsman and that defendant was then serving a sentence imposed by that court, it is error for the court to enter absolute judgment on the bond, C. S., 791, the cases against defendant as well as the hearing on the *scire facias* being subject to continuance.

APPEAL by respondents from *Stack, J.,* at June Term, 1933, of GUILFORD.

Proceeding on appearance bond.

The defendant, Dexter Welborn, was under bond, in the penal sum of $1,850, with D. Alice Welborn and R. W. Welborn as sureties thereon, for his appearance at the April Term, 1933, Guilford Superior Court, to answer a number of criminal charges.

Upon failure of the defendant to appear at said term, "judgment *nisi sci. fa.* and capias returnable to the June Term" was duly entered.

In answer to the *scire facias,* the defendant and his sureties showed to the court that the defendant's failure to appear at the April Term, as required by his recognizance, was due to the fact that he had been surrendered by other bondsmen on a prior bond to the United States marshal at Winston-Salem, N. C., when and where he was tried, convicted and sentenced to the United States Industrial Reformatory for a period of thirty-three months, which sentence he was then serving.

The court being of opinion that the facts set out in the answer to the *sci. fa.* were insufficient to discharge the writ, entered judgment absolute for the penalty of the bond, to be discharged, however, upon the payment of $400, within sixty days, said sum to be used (1) to pay the costs of the seven cases pending against the defendant, and (2) the balance, if any, to be paid into the school fund.

From this judgment, the defendant and his sureties appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Cox & Prevette for defendants.*

STACY, C. J. It is conceded by the Attorney-General that the judgment entered on the forfeited recognizance cannot be sustained. C. S., 791.

The action of the Federal Court and the defendant's present confinement in prison prevented him from appearing, and his bondsmen from producing him, at the April Term, Guilford Superior Court, agreeably to the provisions of his recognizance. *Granberry v. Pool,* 14 N. C., 155; 6 C. J., 1026; 3 R. C. L., 52; Annotation, 26 A. L. R., 412. Hence, under the principles announced in *S. v. Eure,* 172 N. C., 874, 89 S. E., 788, *S. v. Holt,* 145 N. C., 450, 59 S. E., 64, and *S. v. Morgan,* 136 N. C., 593, 48 S. E., 604, the cases, as well as the hearing on the *scire facias,* might well have been continued until this legal impediment is removed. *Adrian v. Scanlin,* 77 N. C., 317; *Sedberry v. Carver,* 77 N. C., 319.

It is not clear as to what "costs" have accrued in the seven cases against the defendant for which he may be adjudged liable or the proceeds from his forfeited recognizance used to pay, C. S., 5628, *S. v. Maultsby,* 139 N. C., 583, 51 S. E., 956, but as there was error in entering judgment absolute on the bond, this point may not arise in subsequent proceedings.

Error and remanded.