STATE v. JAMES ELLER AND SURETY, TAR HEEL BOND COMPANY.

(Filed 30 October, 1940.)

1. **Bail § 4—**

Judgment *nisi* may be made absolute against the surety upon the hearing of the *sci. fa.* notwithstanding that the *sci. fa.* has not been served upon the principal.

2. **Same—Where, at time case is called, defendant is in custody of State upon another charge, judgment absolute should not be entered against surety until he has opportunity to produce defendant after his release.**

Upon the failure of defendant to appear when his case was called, judgment *nisi* was entered and *sci. fa.* and *capias* issued. Upon the hearing of the *sci. fa.*, the surety showed that at the time of the call of the case defendant was incarcerated in another county of this State on other charges, that upon the subsequent trial in such other county defendant was sentenced to imprisonment, and that the surety had secured *capias* and filed same with the officials of the State's Prison so that defendant would be surrendered to the court to stand trial upon the expiration of his sentence. *Held:* Notwithstanding that C. S., 791, relates only to bonds executed in arrest and bail proceedings, the bail will be exonerated during defendant's detention, since only the State and not the surety can produce the body of defendant, and judgment absolute against the surety should be stricken out and hearing on the *sci. fa.* continued until the surety has had opportunity to produce defendant after his release from prison. C. S., 4594. *S. v. Holt*, 145 N. C., 450, cited and distinguished.

APPEAL by respondent Tar Heel Bond Company, Inc., from *Phillips, J.,* at May Term, 1940, of ROWAN. Error and remanded.

Proceedings on appearance bond.

One James Eller having been arrested on a warrant charging violation of the Prohibition Law, on 17 October, 1938, executed his appearance bond returnable to the November Term, 1938, Rowan Superior Court,

with respondent as surety thereon. The case was called for trial at the February Term, 1939, at which time the defendant was duly called and failed to appear. Thereupon, judgment *nisi* was entered and *sci. fa.* and *capias* were ordered. The *sci. fa.* was served upon the surety but not upon the principal. The surety in response to the *sci. fa.* served appeared and answered setting up in defense that on or about 10 November, 1938, said Eller was arrested by officers of Cabarrus Superior Court on warrants charging the larceny of automobiles in said county; that he was incarcerated under said warrants until the January, 1939, Term of Cabarrus Superior Court, at which time he was tried and sentenced in two cases for a term of three years in each case, the sentence in one to begin at the expiration of the sentence in the other; that said Eller was thereupon committed to the prison and has since been and is now in custody of the prison authorities of the State of North Carolina; that the respondent has secured a *capias* from the clerk of the Superior Court of Rowan County and has filed it with the officials of the State Prison as a detainer. It further asserts that by virtue of the detainer said Eller will be surrendered to the court to stand trial upon the expiration of said sentence.

When the matter was heard upon the return of the *sci. fa.* after considering respondent's answer, judgment absolute was entered. Respondent excepted and appealed.

*T. G. Furr, Attorney-General McMullan, and Assistant Attorneys-General Bruton and Patton for the State.*
*C. P. Barringer for respondent, appellant.*

BARNHILL, J. Respondent's contention that the judgment absolute is voidable and unenforceable for that the *sci. fa.* was not served on the principal cannot be sustained. *Bond Co. v. Krider, ante,* 361. Its further contention, that the fact that the principal on the bond had been arrested by officials of another county of this State and was tried and sentenced and was actually in custody of State officials at the time the case was called for trial constitutes a valid defense and that the judgment absolute was prematurely pronounced presents a more serious question.

The authorities seem to be in substantial accord in holding that if the principal in a bail bond is a fugitive from justice or is imprisoned in another jurisdiction for a second and different offense this is no defense in behalf of the surety and will not defeat a judgment absolute on the bond. *Granberry v. Pool,* 14 N. C., 155; 3 R. C. L., 53. See also Anno. 26 A. L. R., 412. However, the courts are not agreed as to whether a subsequent arrest and imprisonment, in another county of the

same State, of the principal in a criminal bail bond for an offense other than that for which the bond was given and is being actually detained at the time he is obligated to appear will exonerate the surety on the bond.    Anno. 26 A. L. R., 417.

Upon a careful consideration of this question we are convinced that the weight of authority both on principle and reasoning supports appellant's contention that when one is bound as bail for another for his appearance in a particular court at a particular time and the State, before the time stipulated for the appearance, arrests the principal and detains him in another place, thus preventing him from appearing at the time and place stipulated, the bail will be exonerated during such detention.    "The State does an act perfectly lawful when she so arrests him for a second offense.    If she should keep him in her own custody, of course the bail in the first case would be discharged; because she could produce him, but they could not. . . .  And whichever case is tried first, if it results in imprisonment, the sureties for the other are discharged."    3 R. C. L., 62.

By recognizance of bail in a criminal action the principal is, in the theory of the law, committed to the custody of the surety.    So long as the principal remains at large the surety may relieve him of the undertaking at any time before forfeiture of the recognizance by surrendering the accused into the custody of the sheriff of the county in which he is prosecuted.    C. S., 4594.    But when the State steps in and rearrests the principal and thus assumes custody of his person it deprives the surety of this right and takes from him any control over the principal. At the time the case is called for trial the State, having the principal in its custody, can either continue the case until the former sentence expires or it can apply to the court for a writ of *habeas corpus ad deliberandum et recipiendum.*    It and not the surety then has the power to produce the body of the principal.

We do not consider *S. v. Holt,* 145 N. C., 450, in substantial conflict with the position here assumed.    There the principal was only temporarily confined by town authorities for drunkenness at the time his case was called.    He was released and could have been produced by the bondsman before the expiration of that term.    That was not done.    Instead, the principal became a fugitive from justice and the bondsman was negligent in failing to produce him after his release and in permitting his escape.    Here the surety has been diligent and has arranged for the production of the principal so soon as his sentence expires.    However, in so far as that case does conflict herewith it is overruled.

It may be well to note that C. S., 791, which contains the provision that the bail will be exonerated by the imprisonment of the defendant in the State's Prison, relates only to bonds executed in arrest and bail

proceedings. *Adrian v. Scanlin,* 77 N. C., 317; *Sedberry v. Carver,* 77 N. C., 319. Even so, we adhere to the view that when the State imprisons a principal in a criminal appearance bond after the execution of the bond and has him in custody at the time he is obligated to appear for trial the bond is exonerated during the term of detention. *S. v. Welborn,* 205 N. C., 601. The State may not detain the principal in the State's Prison and at the same time demand his presence in court on penalty of forfeiture of his bond.

The judgment absolute should be stricken from the record and the hearing on the *sci. fa.* should be continued until the surety has had opportunity to produce the defendant after his release from prison.

Error and remanded.