Gaston, Judge.
 

 The
 
 scire facias
 
 in this case,\and the proceedings upon it are so irregular, defective and uncertain, that we think the only proper judgment for this Court to render is, that the same be quashed. (His Honor here stated the case as above, and proceeded.).
 

 The
 
 scire facias
 
 is defective, in not setting forth the recognizance fully — to whom, or where made; and that the same is of record in the Court from which the
 
 sci.fa.
 
 was sued out. It is defective and uncertain, in setting forth that Stubblefield failed to appear, as
 
 he
 
 was bound to do; instead of averring that Stubblefield failed to appear at the Court, when and where, according to the condition of the defendant’s recognizance, the said Stubble-field was to make his appearance. It is irregular, as well as uncertain, in setting forth that it was ordered that
 
 he
 
 should forfeit his recognizance, and requiring of the defendant to show cause why this forfeiture should not be made absolute. What record was denied by the defendant’s plea, we are unable to ascertain; for there is no averment in the
 
 scire facias
 
 of any record. If it denied the recognizance, then the judge erred in adjudging that there was no such record; for the case shows that a recognizance of record corresponding with that described in the
 
 scire facias,
 
 (so far as a recognizance is therein described,) was exhibited to the Court. If it denied the “ order” that either Stubblefield or the defendant should forfeit his recognizance, there was no error in finding the plea true; but the
 
 *554
 
 plea, so understood, was no defence against a proper
 
 sdre jfadas.
 

 A recognizance duly entered into is a debt of record, and the object of a
 
 sdrefadas
 
 is to notify the cognizor to show cause, if any he have, wherefore the cognizee should not have execution of the same thereby acknowledged. In England, before our Revolution, when a recognizance was acknowledged, with condition to be void upon the appearance of the cognizor or any other person in Court, and the party did' not appear, the default was recorded; and thereby the recognizance became absolute or forfeited; and being
 
 estreated
 
 (that is to say, taken out of the other records,) and sent up to the Court of Exchequer, the King, upon an affidavit of danger of losing the debt, and on the fiat of one of the barons, might have an immediate extent against the body, goods and lands of his debtor. But the ordinary mode was to sue out a
 
 sdrefadas
 
 thereon. Our act of 1777, (see 1
 
 Rev. Stati
 
 c. 35, s. 32,) has made it
 
 imperative,
 
 that before suing out execution on a forfeited' recognizance, a
 
 sdrefadas shall
 
 issue, and judgment be had thereon. But no
 
 judgment
 
 of forfeiture is thereby required previous to the issuing of the
 
 sdre fadas.
 
 The recognizance is of the nature of a conditional judgment, and the recorded default makes it absolute, subject only to-such matters of legal avoidance as may be shown by plea, or to such matters of relief as may induce the Court to remit or mitigate the forfeiture.
 

 Per Curiam. Proceedings quashed.