## Commonwealth *vs.* Mark A. Slocum.

An indorsement by the clerk of a court into which a recognizance is returnable, that it was "returned to and entered of record in said court," is competent evidence of those facts against the sureties on the recognizance.

A police court may lawfully order a defendant, adjudged guilty on a complaint for being a common seller of intoxicating liquor, to recognize for his appearance at the proper term of the court of common pleas " to answer to said complaint and abide the final action of the said court thereon;" and it is a breach of the condition of such recognizance, if the defendant fails to appear and answer to an indictment found against him at that term for the same offence, although the indictment charges the commission of the offence during a longer period of time, and also contains counts for unlawful single sales of intoxicating liquor.

A record of the court into which a recognizance is returned, that the principal made default, cannot be controlled or contradicted by parol evidence on *scire facias* against his bail.

Scire facias against a surety on a recognizance, which recited that Lysander Borden had been arraigned, tried and convicted before the police court of Fall River on a complaint for being a common seller of intoxicating liquors from a day named " to the day of exhibiting this complaint," and was conditioned that he should personally appear at December term 1858 of the court of common pleas in Bristol, " and answer to said complaint and abide the sentence of the court thereon."

At the trial in the superior court in Bristol at September term 1859 before *Ames*, J., the district attorney offered in evidence the recognizance, with this indorsement: " Bristol ss. Court of common pleas. December term 1858. Then this recognizance was returned to and entered of record in said court.

" Attest:      John S. Brayton, clerk."

The defendant objected to the reading of the recognizance, because it did not appear of record that it was duly returned, filed, certified and entered at said term before default. But the court ruled that the indorsement was *prima facie* evidence of these facts.

It appeared by the record of that term that Borden, " though thrice solemnly called, doth not appear, but makes default;" and that an indictment was found and returned against him, charging him in the first count with being a common seller of

intoxicating liquors from the day named in the complaint " to the day of finding this indictment," and in other counts with single unlawful sales.

The defendant objected that it did not appear that issue was joined in the police court, or that that court had any authority to take such a recognizance ; and that Borden, if bound to appear at all, was only bound to appear and answer " to said complaint," and not to any other charge or indictment. But the court overruled the objections, and instructed the jury that the Commonwealth was entitled to a verdict.

The defendant then offered to show by the sheriff of the county, that Borden was actually in his custody, and had been held to answer to said indictment, without a warrant, at the time of the default. But the court ruled that such evidence was inadmissible to vary or contradict the record.

A verdict of guilty was taken, and the defendant excepted.

*J. Brown*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

MERRICK, J. The certificate of the clerk upon the back of the recognizance contains a distinct statement, and is sufficient evidence of the fact, that it had been duly returned and entered of record in the court of common pleas. Upon the default of the principal recognizor, a writ of *scire facias* might properly issue from that court against him and his sureties.

As to the objection that it does not appear from the writ or evidence produced upon the trial, that the police court in Fall River was authorized to take the recognizance, it is a perfect answer, that the writ sets out the recognizance, in which the proceedings upon which it was founded are fully recited and described. From these recitals it appears that a complaint of which that court had jurisdiction was made therein in due form of law against Lysander Borden, who was afterwards there arraigned, examined and tried thereon ; that it was thereupon adjudged that he appeared to be guilty of the offence charged against him, and he was ordered to recognize with sufficient sureties to appear and answer thereto at the court of common pleas then next to be holden at New Bedford within and for the

county of Bristol. As the police court had sufficient jurisdiction of the offence to inquire into the same, and to order the accused party to appear and answer thereto at a higher tribunal, the order that he should recognize for his appearance there to answer to the complaint made against him was strictly correct.

The first count in the indictment found against him at the erm of the court of common pleas at which he was required to appear and answer sets forth the offence charged against him in the complaint. Its allegations extend to the whole period of time during which he was alleged to have been a common seller; and to this extent the accusation in both is the same. Thus, in answering to the indictment, which succeeded to and was substituted for the complaint, he would have complied with the condition of the recognizance into which he had entered. But he did not appear at all or answer to either. Being called in the court of common pleas upon his recognizance, he did not appear, and his default was accordingly recorded. Its condition was thereby broken and the forfeiture of its penalty incurred.

The refusal of the court to receive, upon the trial, the evidence offered by the defendant, that Borden had been arrested and was then in the custody of the sheriff, upon a warrant issued upon the indictment, was correct. The record of the default was conclusive evidence of the fact, and of course not subject to be impeached, controverted or affected by extrinsic evidence.

*Exceptions overruled.*