## STATE *vs.* W. A. SMITH.

1. When a defendant in an indictment entered into a recognizance for his appearance at a term of the Superior Court and he appeared at said term and the cause was continued, but he was required to enter into bond for his appearance at the succeeding term, which he failed to do, and departed without leave of the Court; *Held,* that he might be called out on a subsequent day of the term and the failure noted upon the record,

2. In such cases it is not regular to enter a judgment *nisi.* "A recognizance is a debt of record and the object of a *scire facias* is to notify the cognizor to show cause wherefore the cognizee should not have the execution of the sum thereby acknowledged. No judgment of forfeiture is required before issuing a *scire facias.*

This was a motion for judgment upon a *scire facias* issued upon judgment *nisi* on a recognizance.

The defendant in the indictment had entered into bond with W. A. Smith as surety, for his appearance at Fall Term, 1870, of Johnston Superior Court. He appeared at said term and procured a continuance of his case; he was required to give bond for an appearance at the subsequent term. This bond he failed to give, and departed without leave of the Court. On a subsequent day of the term he was called and failed to appear and judgment *nisi* was entered against him and his surety.

The defendant, Smith, insisted that one bound by a recognizance could not be called and a forfeiture entered after the continuance of a cause, and moved to dismiss the *scire facias* which had been served on him.

His Honor being of opinion with the defendant, Smith. dismissed the *scire facias*, from which judgment of dismissal the State appealed.

*Attorney General* for the State.

STATE *v.* W. A. SMITH.

BOYDEN, J.   His Honor was mistaken in holding that a defendant could not be called out after the cause had been continued.   The defendant was only allowed to depart upon entering into a recognizance of $500, but he departed without having entered into the recognizance as required.   His recognizance required him not to depart without leave of the Court. It is the universal practice near the close of the Court to look over the docket, and call such defendants as have departed without the leave of the Court.

But in such case, it is not regular to enter a judgment *nisi.* "A recognizance, duly entered into, is a debt of record, and the object of a *scire facias* is to notify the cognizor to show cause, if any he have, wherefore the cognizee should not have execution of the same thereby acknowledged.   No judgment of forfeiture is required before issuing the *scire facias.*"

The recorded default makes it absolute, subject only to such matters of legal evidence as may be shown by plea, or to such matters of relief as may induce the Court to remit or mitigate the forfeiture."   Opinion of Judge Gaston in the case of *State* v. *Mills,* 2 Dev. & Battle, 552.

The proceedings in this case are very irregular and informal, but the only objection on the part of the defendant, was, that the default occurred after the continuance of the cause. And His Honor, being of opinion, that when a case was continued, the defendant being in Court, the securety was thereby released.

In this there was error.   This will be certified.

PER CURIAM.                               Error.