## STATE v. HARRISON JONES.

*Recognizance— Judgment nisi and absolute —Scire Facias, a notice.*

1. A bond taken by the sheriff in a sum fixed by the court and made payable to the state, with condition to be void if the defendant make his personal appearance, &c., is valid as a recognizance.

2. Where the defendant in such case failed to appear and judgment *nisi* was entered, and the sureties to the bond appeared in answer to a notice by *sci. fa.* and defended the action; *Held,* that the judgment absolute rendered against them is not irregular.

(*Jones* v. *Penland,* 2 Dev. & Bat., 358; *Hyatt* v. *Tomlin,* 2 Ired., 149; *Duffy* v. *Averitt,* 5 Ired., 455; *Middleton* v. *Duffy,* 73 N. C., 72; *Wheeler* v. *Cobb,* 75 N. C., 21; *State* v. *Houston,* 74 N. C., 549, cited and approved).

MOTION by defendant sureties to set aside a judgment, heard at Fall Term, 1882, of DUPLIN Superior Court, before *MacRae, J.*

The defendant having been tried and convicted upon one criminal charge, and there being another depending against him, at fall term, 1880, of Duplin superior court, was, by its order, committed to the custody of the sheriff, and he was directed, on the defendant's giving two bonds, one in the penal sum of $500 for his appearance at the next term in the case where he was found guilty, and the other in a smaller sum for his appearance in the other case, to discharge him from custody.

The bonds of these amounts were executed by the defendant and four others, his sureties, payable to the state, and with condition to be void if the defendant, Harrison Jones, " shall make his personal appearance at the spring term, 1881, of said court, and not depart the same without leave of the court." The bond was justified before a justice of the peace who also became a subscribing witness, and on its delivery to the sheriff the defendant was released from imprisonment.

At spring term, 1881, the defendant was called, and failing

to appear, judgment *nisi* was entered up against him and all his said sureties on the $500 obligation, and a *scire facias* ordered to issue against them.

At the next term the surety obligors appeared by counsel and entered a suggestion of the death of the principal. To enable them to produce evidence of the death, the cause was continued ; and at spring term, 1882, the cause coming on to be heard and the sureties failing to produce any evidence of the death, judgment final was entered against them for the penalty of the bond.

At fall term, 1882, after notice given to the solicitor of the intended application, the sureties moved the court to set aside the judgment, assigning as reasons therefor, that:

1. There was irregularity in issuing the writ of *scire facias* instead of a summons.

2. The bond being taken to the state and not to the sheriff, is illegal and void under section 17 of chapter 107 of Battle's Revisal.

3. The bond is only good at common law, and neither in form nor effect a recognizance.

The judge held that the instrument was in legal contemplation and effect a recognizance ; the *scire facias* was notice to show cause ; and the appearance and failure to show cause was a waiver of the alleged irregularity. The motion was denied, and the sureties appeal.

*Attorney-General* and *O. H. Allen,* for the State.

*Messrs. W. R. Allen* and *H. R. Kornegay,* for the defendant sureties.

SMITH, C. J., after stating the above. The argument before us was such as might have been properly made if an appeal had been taken on the rendition of judgment, and the question was whether any or what judgment ought to be given. The cases cited bear upon this aspect of the case. But this is not its condition on the present appeal. The surety obligors have had

their day in court, have appeared and defended the action, and have submitted to the judgment without assigning error and seeking its correction at the hands of a reviewing court. If erroneous, it ought not to have been rendered; but if rendered, it cannot be disturbed after the expiration of the term. All defences existing at the time and available ought to have been then set up, and if they were not, they are alike concluded by the result. It is one thing to refuse to give judgment, quite another to set it aside, when entered, at a subsequent term.

Nor is there such irregularity as calls for the corrective interposition of the court. The object of process is to give notice and an opportunity to make defence to an action. The *scire facias* furnished this notice, and the sureties submitted to the jurisdiction and resisted the demand for judgment. A defendant may appear without process, and his appearance dispenses with process, since its purpose is to bring him into court, and he is in court when he answers and defends the action. It can scarcely be necessary to cite authorities to this effect, and we will refer only to some in our own reports—*Jones* v. *Penland*, 2 Dev. & Bat., 358; *Hyatt* v. *Tomlin*, 2 Ired., 149; *Duffy* v. *Averitt*, 5 Ired., 455; *Middleton* v. *Duffy*, 73 N. C., 72; *Wheeler* v. *Cobb*, 75 N. C., 21.

But we do not concede that the defence would have been sufficient if made at the time of rendering the judgment. Aside from the fact that the obligation was attested by and justified before a justice of the peace before acceptance by the sheriff, we have in *State* v. *Houston*, 74 N. C., 549, an express adjudication that it was competent for the judge to authorize the sheriff " to take the recognizance of the defendants for the appearance of the principal defendant at the next term, to answer the charge of the state against him," the judge having fixed its amount; and that though the instrument was put " in the form of a bond with conditions, signed and sealed by the defendants, yet it is valid as

a recognizance." While there are opinions elsewhere expressed, not perhaps in harmony, we are disposed to accept this as a correct statement of the law.

But however this may be, the exception could only be entertained on the trial and before the rendering of judgment. It was too late to be taken on the motion to vacate the judgment. If the refusal to set aside the judgment be a reviewable ruling and not the exercise of discretion, which we do not, as unnecessary, undertake to decide, we concur in the action of the court, and the judgment must be affirmed.

No error.                         Affirmed.