## Ettinger et al. *v.* Miller et al., Appellants.

*Affidavit of defence to part of claim.*

An affidavit of defence in an action to recover the price of goods sold and delivered is insufficient to prevent judgment where defendant admits the receipt of goods, and avers that he has disposed of about two thirds of them, although for a less sum than that charged by plaintiffs, but not naming the sum, and that the goods furnished were of much lower grade than those of the samples from which they were purchased.   As the defence was to only a part of the claim, the affidavit should have set forth the amount admitted to be due so that plaintiffs may have judgment for that amount, if they see proper to accept it.

Argued Jan. 18, 1893.   Appeal, No. 47, Jan. T., 1893, by defendants, Annie Miller et al., from order of C. P. No. 2, Phila. Co., June T., 1892, No. 831, entering judgment in favor of plaintiffs, J. Ettinger et al., for want of sufficient affidavit of defence.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Appeal by plaintiffs from judgment of magistrate.

Defendants filed an affidavit of defence in which, after averring that they had a defence to the whole of plaintiffs' claim, alleged that the goods, consisting of cheap plated jewelry, were received in a damaged condition.   They further alleged that the goods were of "a much lower grade than those of the samples from which they purchased, and instead of holding and retaining their plating became tarnished and useless in a short time.   Deponent says further that having made complaint to the agent of the plaintiffs as to the character of the goods so delivered the said agent told deponent to dispose of, or to push the said goods to the best of his ability, and that the matter could

be arranged between them.    That acting upon said advice and authority defendants have disposed of about two thirds of the same at a price less than that charged for the said goods, and the remainder are in the possession of defendants and are useless. Deponent further says that the goods purchased by and delivered to defendants, if perfect, would only amount in value to $84.63, as will appear by the bills rendered to defendants, whilst the claim made in this action amounts to $95.88."

The court made absolute a rule for judgment.

*Error assigned* was order entering judgment.

*C. L. Flood,* for appellant, cited, Church v. Jones, 132 Pa. 462.

*Samuel W. Cooper, Samuel Wagner* with him, for appellee, cited: Gould v. Gage, 118 Pa. 559, Griel v. Buckius, 114 Pa. 187.

PER CURIAM, January 30, 1893:

The affidavit of defence in this case was insufficient to prevent judgment.    It avers that the defendant has a just and legal defence to the whole of the plaintiffs' claim, whereas it appears that his defence goes only to a part of the claim.    It admits the receipt of the goods from the plaintiffs; that he has disposed of about two thirds of the same, although at a less price than that charged by the plaintiffs; that the goods furnished them were of a much lower grade than those of the samples from which they purchased, etc.    It is plain from the affidavit that the defendants are indebted to the plaintiffs for at least a portion of their claim, and the affidavit does not say how much.    It should have set forth the amount admitted to be due, in order that the plaintiffs may have judgment for that sum, if they see proper to accept it.    This is a wise rule which injures no one and tends to shorten litigation.

Judgment affirmed.