STATE v. M. T. WHITE, JR.

(Filed.17 September, 1913.)

1. Criminal Law — Recognizance — Acknowledgment—Court's Minutes.

A recognizance is a debt of record acknowledged before a court of competent jurisdiction, with condition to do some particular act, and need not be formally executed by the principal and his surety, but it is sufficient if acknowledged by them and is entered by the court upon its minute-docket.

2. Criminal Law—Recognizance—Scope of Obligation.

A recognizance binds the defendant in a criminal action to appear and answer, and also to stand and abide the judgment of the court; hence, the surety on a recognizance is not relieved of liability because the principal appeared at the trial and entered a submission, and while the sentence of the court was being considered for several days, departed from the State; for the appearance of the defendant at the trial is not a full compliance with the obligation of the surety in respect to the recognizance.

3. Recognizance — Principal and Surety — Special Appearance — Merits—Process.

Where a defendant has defaulted under his recognizance to abide by the sentence of the court in a criminal action, etc., and the surety has appeared and resisted the judgment of the court fixing him with liability under the recognizance, the appearance is general, affecting the merits of the controversy, though he may have called it a special appearance, and it is not required that he should have been served with process.

APPEAL by defendant from *Lane, J.,* at April Term, 1913, of HERTFORD.

The defendant was recognized by a justice of the peace to appear at the next term of the Superior Court. In lieu of bond, a certified check for $200 was deposited by his surety, the Old Dominion Distributing Company. The defendant appeared before the Superior Court and pleaded guilty. The judge did not immediately dispose of the case, but a day or two later the defendant was called for the purpose of being sentenced, when it appeared that he had left the court and the State.

S. *v.* WHITE.

Judgment *nisi* was entered, and a *sci. fa.* issued against the defendant and the Southern Distributing Company.

Upon the return of the *sci. fa.* the Old Dominion Distributing Company, the surety, filed a petition, on which appears the following: "Special appearance on part of surety." The petition sets out the facts fully and says, among other things:

"5th. Your petitioner is informed and believes, and so avers, that his Honor, Judge Webb, did not impose sentence at the time of the plea or during said day, though the defendant was in court, but permitted said matter to remain undisposed of until Wednesday or Thursday of said court, when the defendant left the court and returned to his home in Virginia without the sentence of the court having been pronounced against him, as should have been done.

"6th. Your petitioner is informed and believes that after said defendant had been permitted by the court to remain in and at the bar for so long a time without having pronounced sentence against him, and after defendant having left the court, as before set out, and his said bail declared forfeited.

"7th. Your petitioner is informed and believes that when said defendant came into court, waived bill of indictment and entered a plea of guilty, and by so doing he put himself in custody, and said waiver and plea were accepted by the court, he by said acts complied with the law and the terms and condition of the said bail, and said bail was thereby discharged.

"Wherefore your petitioner prays the court:

"1st. That the former order of forfeiture be reversed by this court.

"2d. That said bail be discharged and the deposit heretofore made by your petitioner be returned to him."

The case on appeal states that the surety entered an appearance.

Judgment was rendered condemning the deposit, and the surety excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Roswell C. Bridger for defendant.*

S. *v.* WHITE.

ALLEN, J.  A recognizance is a debt of record acknowledged before a court of competent jurisdiction, with condition to do some particular act.  *S. v. Smith,* 66 N. C., 620.

It need not be executed by the parties, but is simply acknowledged by them, and a minute of the acknowledgment is entered by the court.  *S. v. Edney,* 60 N. C., 471.

It binds the defendant to three things:

(1) To appear and answer either to a specified charge or to such matters as may be objected to.

(2) To stand and abide the judgment of the court.

(3) Not to depart without leave of the court.  *S. v. Schenck,* 138 N. C., 562.

It follows, therefore, upon these well settled principles, that the judgment *nisi* is regular and valid, as the defendant and his surety entered into the recognizance, and the defendant departed without leave of the court.

The surety contends, however, that no final judgment can, in any event, be entered condemning the deposit, because it entered a special appearance, and it has not been served with process.

The answer to this position is twofold.  In the first place, the case states that the surety entered an appearance, which, nothing else appearing, would mean a general appearance, and would be a waiver of the service of process; and in the next place, if the appearance had been entered special, it was in legal effect general, because the motion of the surety affected the merits.  *Scott v. Life Association,* 137 N. C., 517.

It is said in *Grant v. Grant,* 159 N. C., 531, that it was held in the *Scott case,* "that a special appearance cannot be entered except for the purpose of moving to dismiss for want of jurisdiction, and that if the motion affects the merits, the appearance is general," and the Court then quotes from the same case with approval, as follows:  "The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than to its form.  If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character.  3 Cyc., pp. 502,

503. The question always is, what a party has done, and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one."

We are, therefore, of opinion there is no error.

Affirmed.