From a perusal of the record and case on appeal, it appears that on 21 August, 1921, defendant Charlie Hutchins was convicted in municipal *Page 730 
count of said county of the criminal offense of operating an automobile while intoxicated, and adjudged to pay a fine of $50. That he appealed to Superior Court, and entered into a bond in the sum of $100 for his appearance at the next criminal term of the Superior Court of said county. That said cause against defendant Charlie Hutchins was docketed at December criminal term of Superior Court of Forsyth County, and continued from term to term till July term of said criminal court, when said defendant was duly called, and failing to answer, judgment nisi was entered, and on notice duly issued, served on the surety, principal defendant not found. There was judgment absolute against the surety for the penalty of the bond.
In answer to the sci. fa., it was shown that the clerk of the municipal court failed to send up the case against Charlie Hutchins to the next criminal term of the Superior Court after judgment entered against him, to wit, the October Term, 1921, and that the principal defendant had attended at said next criminal term, until adjournment of same, and no case was called against him at that term.
There was judgment against the surety for the penalty of the bond, and he appealed to this Court, assigning for error:
1. That the court at January Term, 1923, was without jurisdiction to enter the judgment on the bond.
2. That on the facts presented, the court should have ruled (695) that the principal defendant had in all things complied with the obligation of the bond.
After stating the case: The appearance bond on which the judgment has been entered is in terms as follows:
We, Charlie Hutchins and R. S. Russ, of said county, acknowledge ourselves to be severally indebted to the State of North Carolina in the sum of $100 to be well and truly paid if default shall be made in the following condition:
The condition of this recognizance is such that if the said Charlie Hutchins shall personally appear at the next criminal term of the Superior Court of Forsyth County, to be held at the courthouse in Winston-Salem on 3 October, 1921, then and there to answer the charge preferred against him for operating auto intoxicated, and to do and receive what shall by the court be then and there enjoined upon him, and shall appear and attend at such times or times thereafter as the court may appoint upon any and all adjournments and continuances of said cause until the final disposition thereof, and shall not depart the *Page 731 
court without leave, then this recognizance to be void, otherwise of force and effect.
 C. S. HUTCHINS. [SEAL.] R. S. RUSS. [SEAL.]
In reference to bonds of this purpose and tenor, it has been uniformly held in this jurisdiction that they constitute a continuing obligation, and that neither principal nor surety is relieved until the cause is finally disposed of, or they are discharged by order of the court. S. v. Eure,172 N.C. 875, and authorities cited. S. v. White, 164 N.C. 410; S. v.Schenck, 138 N.C. 560; S. v. Morgan, 136 N.C. 602; S. v. Jenkins,121 N.C. 637; S. v. Smith, 66 N.C. 620; 5 Cyc., 123; 3 A. E. (2 ed.), p. 714. In this last citation the principal as it prevails with us is stated as follows: "Neither does the obligation end with the term at which the principal is recognized to appear, but if the cause against him be continued, the bail are bound to have him in court at each succeeding term thereafter, until he is convicted or acquitted, or they are otherwise legally discharged."
And S. v. Schenck, supra, is quoted with approval as holding that the bond binds the sureties for the continued appearance of their principal from day to day until finally discharged by the court, and he must answer its call at all times and submit to the final judgment. Nor is the position affected because the appeal was not docketed (696) at the ensuing term. That is a duty incumbent on the appellant, and while it has been decided that the docketing at a subsequent term may not be allowed over the protest of the appellee, it is also held that the failure to docket may be waived by the appellee, or the right to dismiss lost by his laches, and the objection, therefore, does not present a jurisdictional question. Barnes v. Saleeby, 177 N.C. 256; Lovev. Huffines, 151 N.C. 378.
On the record we are of opinion that neither position of appellant can be sustained, and the judgment of the Superior Court must be
Affirmed.
Cited: S. v. Staley, 200 N.C. 388. *Page 732