STATE v. T. C. BRADSHER.

(Filed 22 October, 1924.)

**Intoxicating Liquor—Spirituous Liquor—Evidence.**

Circumstantial evidence is sufficient, upon the trial of two consolidated cases, to convict of unlawfully transporting intoxicating liquor and driving an automobile while under its influence.

APPEAL by defendant from judgment rendered by *Cranmer, J.,* at August Term, 1924, of PERSON.

At August Term, 1924, of said court, two indictments were pending— one charging defendant with transporting intoxicating liquor; the other,

with driving an automobile while under the influence of intoxicating liquor. Defendant's plea to each indictment was "Not guilty." The two actions were, by consent, consolidated for trial, and verdict of "Guilty" returned in each. From the judgments rendered, defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Nathan Lunsford for defendant.*

PER CURIAM. Defendant excepted to portions of the charge of the court to the jury. He contends that there was no evidence from which the jury could find, beyond a reasonable doubt, that the quart fruit jar which he threw from his automobile while the officers were pursuing him contained intoxicating liquor. He testified that it contained gasoline which he had bought from a colored man, and that he had not drunk any intoxicating liquor during the day on which he was arrested.

While no witness testified that the fruit jar contained intoxicating liquor, there was evidence from which the jury could find facts and circumstances sufficient to justify an inference, beyond a reasonable doubt, that the liquid in the jar was an intoxicating liquor, and that defendant was under the influence of such liquor while driving the automobile on the public road. We do not deem it necessary to set out the evidence.

The instructions of his Honor, excepted to and assigned as error, were correct statements of the law applicable to the facts which the jury might find from the evidence, and did not contravene C. S., 564, as contended by defendant's attorney in his brief filed in this Court.

There was evidence sufficient for the submission of the issues to the jury; the charge of the court was free from error, and the judgments rendered were within the discretion vested by law in the presiding judge. There was

No error.