At August Term, 1924, of said court, upon the trial of defendant T. C. Bradsher on an indictment charging him with violation of the *Page 402 
statute relative to intoxicating liquors, there was a verdict of guilty. From the judgment upon this verdict defendant appealed to the Supreme Court. See 188 N.C. 447. Pending said appeal, defendant was required by the court to give bond, with two sureties, in the sum of $2,500, for his appearance at the next term of the court. The court ordered that at least two sureties on said bond should justify, and that the bond should be approved by the clerk of the court.
Defendant was taken into custody by the sheriff of Person County. On the same day he filed with the clerk of the court a bond, in words and figures as follows:
"State v. T. C. Bradsher. We, T. C. Bradsher, R. M. Spencer, R. W. Wilkerson, and W. J. Pettigrew, . . . justly bound unto the State of North Carolina in the sum of twenty-five hundred dollars, to the faithful payment of which we bind ourselves, our executors and administrators firmly by these presents.
"Signed and sealed, this 6 August, 1924."
This bond was upon condition that T. C. Bradsher should make his personal appearance at October Term of Superior Court of Person County or at the first term of said court after defendant's appeal had been decided by the Supreme Court, and there abide the judgment of the court in this action. This bond is signed as follows:
 "R. M. SPENCER, (Seal) R. W. WILKERSON, (Seal) W. J. PETTIGREW. (Seal) ________________ (Seal) ________________ (Seal)
"R. M. Spencer, R. W. Wilkerson, and W. J. Pettigrew, each being duly sworn, says that he is worth the sum of twenty-five hundred dollars, over and above all liabilities and exemptions allowed by law.
 R. M. SPENCER, R. W. WILKERSON, W. J. PETTIGREW."
Endorsed on the bond is the following: "Subscribed and sworn to before me, this ______ August, 1924, as to Wilkerson and Pettigrew. D. W. BRADSHER, C. S.C."
Upon the filing of this bond, defendant T. C. Bradsher, with the approval of the clerk, was released from custody. At October Term, 1924, T. C. Bradsher, having failed to appear, in accordance with the condition of his bond, was called out, and, having failed to answer, judgment nisi on the bond was entered. It was ordered that a writ of scire facias be issued. *Page 403 
Writ of scire facias was duly issued and served upon appellants as sureties on said bond. At January Term, 1925, each of the appellants filed answer to the writ. The court, having heard the evidence, found the facts as hereinbefore stated, and further found:
"5. That on the day during the August Term, 1924, on which the defendant T. C. Bradsher was sentenced, he was taken into custody by the sheriff of Person County; that the defendant R. M. Spencer signed the bond set out in the record in the presence of said sheriff, after having an agreement with the defendant T. C. Bradsher that he, the said Bradsher, would procure five other men to sign the said bond, and that unless such five other signatures were procured the signature of Spencer was to be erased; that the said Spencer then asked the sheriff if he could sign the bond under such conditions, to which the sheriff replied that he could. At the time the defendant R. W. Wilkerson also appeared and signed said bond in the presence of the sheriff, and stated that he was doing so upon the same conditions upon which Spencer had signed it. That later in the same day the sheriff turned over the prisoner to his deputy, M. T. Clayton, and instructed his deputy not to consider the name of R. M. Spencer on said bond unless at least four other good men signed it.
"6. That M. T. Clayton and W. R. Gentry, both deputy sheriffs, were requested by the defendant T. C. Bradsher to take him and the two sureties, Wilkerson and Pettigrew, to see the clerk of the court to find out if the clerk would approve the bond with the signatures of Spencer, Wilkerson, and Pettigrew, so that defendant might be released until the next morning, at which time the defendant would secure additional signatures. That the said deputy, with the defendant T. C. Bradsher and Wilkerson and Pettigrew, then went to the home of the clerk of the Superior Court. The defendant T. C. Bradsher, asked the clerk of the court if he would approve said bond, as it was then signed, until the next morning, so that he, the said Bradsher, would not have to go to jail that night. That the bond was then handed to the clerk, and he asked Wilkerson and Pettigrew if the signatures appearing thereon were their respective signatures, to which each replied that it was; that thereupon the clerk made the endorsement appearing on the bond; that the bond was handed back to the deputy sheriff, who asked the clerk, in the presence of Wilkerson and Pettigrew, if it would be all right to turn the defendant Bradsher loose, to which the clerk replied that it would be all right.
"8. That the bond of the defendant T. C. Bradsher was never at any time signed by him, but that the signatures of the time three defendants, Spencer, Wilkerson, and Pettigrew, were all signed in the presence of T. C. Bradsher. *Page 404 
"9. That the deputy sheriffs, Clayton and Gentry, in the presence of Wilkerson and Pettigrew, released the prisoner, T. C. Bradsher, immediately after the foregoing conversation with the clerk, and he has not since made his appearance or been apprehended.
"10. That as to the defendant R. M. Spencer the court finds that he never appeared before the clerk to acknowledge said bond, and that the defendant T. C. Bradsher was released without his knowledge or consent, and when he discovered his release on the following day the said T. C. Bradsher had fled."
Upon the foregoing facts, the court being of the opinion that the State was entitled to recover of the defendants the penal sum of the bond, it was ordered and adjudged that the State of North Carolina have and recover of the defendants the sum of $2,500. Defendants, having excepted to foregoing judgment, appealed therefrom to the Supreme Court.
Defendants, by their exception to the judgment herein rendered, present to this Court, for review, their contention that said judgment is erroneous, for that (1) the bail bond upon which it was rendered was not taken in open court; (2) the same was not signed by T. C. Bradsher, the principal; and (3) the appellants, R. M. Spencer and R. W. Wilkerson, signed the same upon conditions which were not complied with; and the appellant, W. J. Pettigrew, signed same in reliance upon the validity of the signatures of R. M. Spencer and R. W. Wilkerson. His Honor found the facts to be as contended by appellants, but was of the opinion that these facts did not, under the law, constitute a defense to the judgment nisi, and therefore made the judgment absolute.
Defendant T. C. Bradsher, having been convicted of a misdemeanor, appealed from the judgment of the court. The court was required by statute to allow him bail, pending the appeal. C. S., 4653. But for this statute, the allowance of bail to defendant, after conviction, would have been in the sound discretion of the court. After conviction, there is no constitutional right to bail. Article I, section 14 of the Constitution of North Carolina, in so far as it guarantees, by implication, the right to bail, does not apply. 3 R. C. L., p. 15; 6 C. J., 966. It was the duty of the court to allow bail to the defendant at the August Term, 1924, upon his conviction and appeal to the Supreme Court. The Court ordered that defendant give a bail bond in the sum of $2,500, with two *Page 405 
sureties, who should justify, and that the bond should be approved by the clerk of the court. The bond set out in the record, in the sum of $2,500, signed by two sureties, who justified and acknowledged execution of same before the clerk, who approved same, was filed in compliance with this order, and defendant released from custody pending his appeal.
1. Appellants contend, first, that the bail bond is void because not acknowledged in open court.
There is a technical distinction between a bail bond and a recognizance. This distinction is recognized by statute and in the practice in some jurisdictions, but in most cases it is not substantial, and is ordinarily not determinable. 3 R. C. L., 15. A recognizance is a debt of record, acknowledged before a court of competent jurisdiction, with condition to do some particular act. It need not be executed by the parties, but is simply acknowledged by them, with a minute of such acknowledgment entered upon the records of the court. S. v. Eure, 172 N.C. 874; S. v. White, 164 N.C. 408;S. v. Smith, 66 N.C. 620; S. v. Edney, 60 N.C. 471; 34 Cyc., 538. "In some respects a recognizance is very similar to a bail bond. It differs from a bail bond merely in the nature of the obligation created. A recognizance is an acknowledgment of an existing debt; a bail bond, which is attested by the signature and seal of the obligor, creates a new obligation." 6 C. J., 892. This distinction does not seem to have been recognized in this State, for the obligation under each is held to be identical. A recognizance is in the nature of a conditional judgment, which may be discharged by performance of conditions, or enforced upon breach of conditions by a writ of scire facias. No action need be brought upon a recognizance, for it is an acknowledgment, solemnly entered upon the records of the court, of an existing debt. A bail bond, after it has been accepted by the court and filed, is regarded in this State as a recognizance. Both are conclusive, and neither can be attacked collaterally. S. v. Morgan, 136 N.C. 593.
A bail bond is in form similar to a recognizance. The only practical distinction seems to be that a bail bond need not be executed, whereas a recognizance must be acknowledged in open court. The parties to a bail bond are bound by their signatures; to a recognizance, by their acknowledgment; hence the requirement that a recognizance must be acknowledged in open court that a minute may be made as evidence of liability. The evidence that obligors on a bail bond are liable is their signatures, which may or may not be attested. When a bail bond, executed in accordance with the order of the court, and approved as required therein, is filed with the court, it becomes, in legal effect, for all purposes, a recognizance. *Page 406 
No distinction between a bail bond and a recognizance has been made or recognized in the practice in this State. Chief Justice Person, in S. v.Edney, 60 N.C. 471, says: "When a judge, in a proceeding initiated before him, adjudicates that the party is entitled to be discharged on giving bail, and fixes the amount, it has long been the practice in this State, if the party be not prepared with sureties, for the judge to authorize one or more justices of the peace, named by him, to take the recognizance; and recognizances, so taken, have heretofore, as far back as the memory of the members of this Court extends, always been deemed valid. This practice has prevailed so long, and is so obviously for the ease of the citizen, that we would not be justified in now putting a stop to it unless satisfied that it is in violation of some important principle of law." S. v. White,164 N.C. 408; S. v. Smith, 66 N.C. 620. So that, although a recognizance, strictly speaking, is not valid unless acknowledged in open court, a bail bond, duly executed and acknowledged before some officer, or other person named by the judge, and filed in court, and accepted as a compliance with the order allowing bail, is in legal effect and for all purposes a recognizance, and may be enforced as such by the court.
2. Appellants further contend that the bail bond is void, and that they, as sureties, are not liable because same was not signed by T. C. Bradsher, the principal.
The bond was signed by the appellants in the presence of the principal, who delivered same to the clerk for his approval. The failure of the principal to sign same was an irregularity, but does not affect the liability of the sureties who signed the bond. They are each liable, and, the court having accepted the bond without the signature of the principal, the liability of the sureties is not affected by this irregularity. The acknowledgment by the principal would be sufficient to make him liable on a recognizance, if such acknowledgment had been made in open court. Whether the acknowledgment before the clerk, at his home, as permitted by the court in its order for the case of the principal and his sureties, is as effectual to bind the principal as if it had been made in open court, is nor presented on this record.
"Where a statute requires a bail bond for the release of a debtor to be executed by the debtor as principal and two others as sureties, the fact that it is executed by the sureties alone does not render it absolutely void, but it is an obligation against them." 45 L.R.A., 335, note. There is no statute in this State prescribing the form of a bail bond or how it shall be executed. The order of the court directed that defendant be released upon giving a bail bond, to be approved by the clerk. The clerk approved the bond tendered by appellants as a compliance with the order of the court. The bond filed in the record is the *Page 407 
bond signed by appellants, and, having been accepted by the courts as tendered, it cannot now be attacked or impeached by appellants on the ground that it is void by reason of the failure of the principal to sign it.
3. Lastly, appellants contend that the bail bond is void, for the reason that the sureties, R. M. Spencer and R. W. Wilkerson, signed the same upon a conditional agreement with the principal, assented to by the sheriff, as found by the judge, and that appellant, W. J. Pettigrew, signed in reliance upon the validity of these signatures. Appellants contend that as the conditions were not complied with by the principal, neither of them is liable.
It is clear that no conditional agreement between the principal and his sureties, who signed the bond, affecting their liability, can be a defense for the sureties, unless the obligee in the bond had notice of such agreement. The obligee in the bond is the State of North Carolina. The terms and conditions of the bond were fixed by the court and could not be changed or altered, except by the court. Notice to the sheriff of the agreement as found by the judge was not notice to the obligee or to the court. The sheriff was not the agent of the court, and had no duty to perform with respect to the bond. It was his duty to hold the prisoner in custody until the order of the court had been complied with as to bail. There is no finding that the clerk had notice of the conditional agreement. The only duty imposed upon the clerk with respect to the bond was to approve it as to form and as to sufficiency of sureties. His authority extended no further than necessary for the performance of this duty. If appellants contend that notice to the clerk was notice to the court, and therefore to the obligee, then it was incumbent upon appellants to offer evidence that the clerk had notice of the agreement, or at least of sufficient facts to put him on inquiry. There is no finding by the court as to whether or not the clerk had notice either of the agreement or of facts sufficient to put him on inquiry. Nor is there any exception that the court failed to find that the clerk had notice.
Where the judge has, by an order made in open court, fixed and determined all the essential elements of a bail bond — the amount, the conditions and the number of sureties, and whether or not they shall justify — he may provide that the bond may be filed during recess or after the adjournment of court, provided it is approved as to from and as to sufficiency of sureties by one or more justices of the peace, named by him, in the order (S. v. Edney, 60 N.C. 464), or by the sheriff or any other person named by him. S. v. Houston, 74 N.C. 549; S. v. Jones,88 N.C. 684; S. v. Jones, 100 N.C. 439. The officer or person, whose approval is required before the acceptance of the bond; has no duty or authority with respect to the bond, except that imposed or conferred on him by the order. No notice to such officer or person of any facts with *Page 408 
respect to the execution of the bond, which do not appear upon its face, will support a defense to a sci. fa. issued for the enforcement of the bond. When the bond has been approved as required by the court, accepted and filed in the record, it is a recognizance — that is, a debt of record, conditioned only as appears in the bond, and may be dealt with in all respects as a recognizance.
The contentions of appellants as to the validity of the bond cannot be sustained. The judgment is well supported, both on principle and by the authorities, and is affirmed.
As to whether the facts found by the judge, now appearing in the record, entitle appellants to relief, in whole or in part, from the judgment rendered by his Honor, and now affirmed by us, in accordance with the law applicable to these facts, is not presented to this Court. A Petition for such relief may be presented to the judge of the Superior Court presiding at some ensuing term of court for Person County, under C. S., 4588, notwithstanding that a final judgment has been rendered. Although appellants, Wilkerson and Pettigrew, may be held to have waived a favorable consideration of the facts upon which such relief may be sought by their conduct in the presence of the clerk, it would seem that appellant, R. M. Spencer, who was not present when the bond was delivered to the clerk, and had no notice until the next day that prisoner had been discharged, would receive such consideration. There is no error, in this record, of law or legal inference, and we must so hold. The judgment is
Affirmed.