J. S. CURRENT v. WILLIAM E. CHURCH, CLERK.

(Filed 28 January, 1935.)

**1. Supersedeas A a—Recognizance may not be construed to operate as stay bond.**

Defendant in a criminal action was allowed to appeal from judgment imposing a fine and a road sentence upon filing a bond for his appearance at the next criminal term of the court with sufficient surety, but the stay bond required by C. S., 4650, was not filed: *Held*, upon affirmance of the judgment by the Supreme Court, judgment may not be had against the surety on the appearance bond for the amount of the fine, and as there was nothing to stay execution of the judgment at any time, C. S., 4654, 4655, 650, the recognizance may not be construed as a stay bond on the ground that the parties so intended.

**2. Bail B e—**

A bond conditioned upon the appearance of defendant at a subsequent term of court does not obligate the surety thereon to take the place of defendant and abide by the judgment of the court.

APPEAL by the State and Board of Education of Forsyth County from *Alley, J.,* at June Term, 1934, of FORSYTH.

By agreement the petition filed in the above-entitled cause was transferred and treated as a motion in the cause for return of cash bond deposited for appearance of the defendant in the case of *S. v. Fowler,* 205 N. C., 608, 172 S. E., 191.

The facts are these:

1. At the May Term, 1933, of Forsyth Superior Court, Clyde Fowler was convicted of operating a lottery and sentenced to six months on the roads, and to pay a fine of $1,000 and the costs.

2. An appeal was taken and a "Recognizance of Defendant" in the sum of $1,500 was entered into by the defendant with J. S. Current as surety to "personally appear at the next criminal term of the Superior Court of Forsyth County, . . . on 19 June, 1933, . . . to answer the charge preferred against him for lottery, . . . to do and receive what shall by the court be then and there enjoined upon him, . . . and shall not depart the court without leave."

3. The surety deposited with the clerk of the Superior Court the sum of $1,500 in cash.

4. The appeal of the defendant Fowler was heard at the Fall Term, 1933, and the judgment affirmed 10 January, 1934.

5. The defendant voluntarily entered into the execution of his road sentence, but is insolvent, and has failed and refused to pay the fine and costs imposed upon him.

6. Execution against the property of the defendant having been returned *nulla bona,* the same was served against the cash bond in the hands of the clerk.

The court being of opinion that the "Recognizance of Defendant" was not a stay bond within the meaning of the law, dismissed the execution and ordered that the $1,500 deposited with the clerk in lieu of bond be returned to the surety.

From this ruling the State and the Board of Education of Forsyth County appeal, assigning errors.

*Hastings & Boone, Peyton B. Abbott, and J. Erle McMichael for appellants.*

*Slawter & Wall and Brooks, McLendon & Holderness for appellee.*

STACY, C. J. What has happened in this case is that, instead of "giving adequate security to abide the sentence, judgment, or decree of

the Supreme Court," as required of appellants under C. S., 4650, the defendant Clyde Fowler executed a recognizance with J. S. Current as surety to appear at the next term of the Superior Court of Forsyth County, then and there to answer the charge preferred against him, etc. It has never been understood that a surety on an appearance bond was to take the place of the defendant and abide the judgment of the court. *S. v. Bradsher,* 189 N. C., 401, 127 S. E., 349; *S. v. White,* 164 N. C., 408, 79 S. E., 297; *S. v. Schenck,* 138 N. C., 560, 49 S. E., 917.

But it is said the parties intended the "Recognizance" to operate as a stay within the meaning of the law, and it should accordingly be construed. *Walker v. Williams,* 88 N. C., 7. The fact is, however, there was nothing to stay the execution of the judgment at any time. C. S., 4654-4655, and 650. This was the view of the court below, and no error has been made to appear on the record.

Affirmed.