Battle, J.
 

 There is an objection apparent upon the face of the instrument, declared upon asa bail-bond, which is fatal to its validity as such, and which is of course decisive of the case of the plaintiff, without reference to any othpr objection.
 
 *329
 
 The name of the defendant is not only not inserted in the body of the bond, but it is not stated in the condition that he is the special bail of the principal obligee. Ilis name and seal do indeed appear at the bottom of the condition, along with those of the defendants who had been arrested in the action, but in what character he undertook to bind himself, does not appear in any part of the instrument. By an act of gross neglect the blanks, in the printed form, were omitted to be properly filled up, and hence the apparent error. In the case of
 
 Vanhook
 
 v. Barnett, 4 Dev. Rep. 268, there was a similar omission, in the body of the bond, of the name of one of those who signed and sealed it as a surety, and the court held the omission to be immaterial; but that was the case of an administration bond, and there was no necessit}'- for it to appear in the condition that the defendant, whose name was omitted, was one of the sureties. (See the form of the condition of an administratson bond in the Eev. Code, chap. 46, sec. 4.) But in a bail-bond, the condition should set forth the name of the person who is special bail, in order that it may appear in what capacity he is bound, and how he may discharge himself. As the instrument, in question, does not purport to bind the party as special bail, it more nearly resembles the case of a deed signed and sealed by a person who does not purport therein to be a grantor. Such an instrument cannot operate as a grant from such person ; as we decided recently, in the Case
 
 si Kerns
 
 v. Peeler, 4 Jones’ Rep. 226. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 PsR Cueiam, . Judgment reversed.