STATE v. MACON MYRICK, ROBERT MYRICK AND ED WOODRUFF.

(Filed 19 March, 1930.)

**Bail B d—Agreement by telephone to become surety for appearance of one for whom warrant had been issued is invalid as bond or recognizance.**

A promise, made over a telephone to a justice of the peace, to sign a bail bond or enter into a recognizance for one for whom a warrant of arrest has been issued, and which the promisees later refused to execute, is invalid as a bail bond or as a recognizance, and in the Superior Court in an action on the magistrate's certificate to this effect the plea of *nul tiel* record by the supposed sureties will be sustained.

CRIMINAL ACTION, before *Sink, Special Judge,* at August Term, 1929, of HALIFAX.

The defendant, Macon Myrick, on or about 24 November, 1928, assaulted a man named Shell. On the night of 24 November, W. O. Thompson, a justice of the peace, issued a warrant for said Myrick. Between 12 and 1 o'clock, on the early morning of 25 November, and before the defendant was arrested the defendant, Robert Myrick, called the justice of the peace over telephone to inquire about the amount of bail required for the appearance of defendant, Macon Myrick. After some discussion over the telephone, the justice of the peace stated that he would require a bond of $500 for the appearance of said defendant in the court of said justice of the peace. Thereupon the defendant, Robert Myrick, and the defendant, Ed Woodruff, in a telephone conversation with the magistrate stated that they would go on the bond of said Macon Myrick. In consequence of said telephone conversation the said Macon Myrick was not arrested under said warrant. On the next day the defendant, Macon Myrick, was called and failed, and the defendants, Robert Myrick and Ed Woodruff, have never signed the bond. No bond was ever written out, but a blank bond called a recognizance was sent up to the Superior Court with the following notation: "The above sureties agreed by telephone to go on this bond in the presence of G. F. Gray. Taken, subscribed and acknowledged, this 26 November, 1928, before me and W. O. Thompson. ............, Justice of the Peace."

In the Superior Court the facts were found by the trial judge as aforesaid. The defendant, Macon Myrick, was solemnly called and failed, and thereafter judgment *nisi* issued against the defendants, Robert Myrick and Ed Woodruff, as sureties on said purported bond. The sureties denied liability on said bond and pleaded *nul tiel* record. The plea was overruled, and judgment entered. against said sureties with direction that execution issue upon said judgment. Whereupon the defendants, sureties, appeal.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*George C. Green for defendant.*

BROGDEN, J. Is an oral promise, made over a telephone, to a justice of the peace issuing a warrant, to sign a bail bond or enter into a recognizance, binding upon such purported sureties, who thereafter declined to sign said bond or enter into said recognizance?

The earlier declarations of this Court upon the subject of bail bond tend to manifest a disposition to construe such instruments strictly. For instance, it was held in *Walker v. Lewis,* 3 N. C., 16, "that a bail

bond having all the forms of such an instrument, except the seal, was invalid, and that the plea of *nul tiel* record would be upheld."

Again, in *Adams v. Hedgepeth,* 50 N. C., 327, it was held that "the signing and sealing of a party at the foot of a bail bond, without his name's being mentioned in the condition, or any other part of the body of the instrument, does not constitute him the bail of the party sued." This case was dealing with certain aspects of a civil action, but the principle announced was broad and comprehensive. *S. v. Edney,* 60 N. C., 463. Of course, the law has been liberalized through the years and doubtless such technical objections would not now be permitted to prevail in criminal procedure. However, the distinction between a recognizance and a bail bond was thoroughly discussed in the case of *S. v. Bradsher,* 189 N. C., 401, 127 S. E., 349, by *Connor, J.* The authorities are therein assembled and applied. The purported instrument in the case at bar, under the law as interpreted by this Court, is neither a recognizance nor a bond. Hence the defendants are not bound thereon, and the judgment must be

Reversed.